THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE E. SMITH, Defendant-Appellant.

(No. 56187;

First District—November 30, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Stanley L. Sacks and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and John C. O'Rourke, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

The defendant, Willie E. Smith, was indicted for attempt to commit rape and found guilty as charged after a bench trail in the circuit court of Cook County. He was sentenced to a term of six to 12 years in the penitentiary. He appeals.

The defendant contends that: (1) he was not proved guilty beyond a reasonable doubt, and (2) that the sentence of six to 12 years for attempt to commit rape was excessive.

We affirm.

The facts of the case are as follows: The complaining witness, Dawn Brown, also known as Dawn Collins, testified at trial that on April 1, 1970, between 6:00 P.M. and 6:30 P.M. she left the Board of Health building which is located at 27 East 26th Street in Chicago, and was walking down 26th Street in order to catch a taxicab. She testified that she had gone approximately one-half block from the Board of Health building when a man, whom she later identified at trial as the defendant, grabbed her from behind, warned her not to scream and told her that he wanted to have sexual intercourse with her. He forced her into a nearby alley and pushed her against the door of a building. She testified that at this point she had her back against the door of the building, and the defendant was directly in front of her, facing her, and closer than an arm's length away from her. The witness further testified that at this time it was snowing, the lighting in the alley was good, and she had a good look at the man's face, whom she had never seen before. The defendant told her to take her pants down. When she refused, he put his

hands under her dress and unsuccessfully tried to pull her girdle down. He backed away, and as he was trying to put his penis back into his pants, she kicked him in the stomach and he fell. She ran out of the alley, ran back to the Board of Health Center, entered the building, and went upstairs to the office of John Spande, the Public Administrator of the Board of Health Center. Spande testified at trial that when he saw Dawn Brown on April 1, 1970, she was crying and covered with snow. Spande found out that someone had tried to rape her, and he called the police who arrived within five minutes and took a description of the defendant from Dawn Brown. Spande further testified that on April 1, 1970, at approximately 6:00 P.M. there was a blizzard in the vicinity of the Board of Health Center.

The evidence further showed that on April 2, 1970, Dawn Brown was again at the Board of Health Center at the suggestion of her doctor who wanted to see her for a checkup. She was with Richard Collins, her friend, who at this time lived with her. She was sitting next to Collins at the Center when she saw the defendant walk by her towards the door. When she told Collins that she saw the man who had tried to rape her the day before, Collins called after the man, followed him outside, and stopped him. Spande testified that at this time Dawn Brown came upstairs to his office and told him that she had just seen the man who had attempted to rape her and that her boyfriend was chasing him. Spande called the police, who subsequently arrived and arrested the defendant outside the Center. Richard Collins, called as the State's rebuttal witness, testified that when he stopped the defendant outside the Center, the defendant denied any participation in the crime and told him that he was in a poolroom playing checkers on the night of April 1, 1970.

The defendant, Willie E. Smith, who testified in his own behalf, denied committing the offense and testified to an alibi that after getting off work on April 1, 1970, he picked up his wife in his car at a rapid transit station at 4:30 P.M., went to a grocery store and was home having dinner with his wife and children at approximately 6:30 P.M., the time of the commission of the offense. His wife, Anna Laura Smith, called as a defense witness, offered essentially the same testimony as her husband.

Defendant's first contention is that he was not proved guilty beyond a reasonable doubt. We do not agree. We think the evidence adduced at trial adequately supports the trial court's finding of guilty. The evidence showed that even though it was snowing heavily, the complaining witness, Dawn Brown, had ample opportunity to view the defendant in the alley at close range and under satisfactory lighting conditions. She testified that she had a good look at his face. When the police arrived at

the Health Center on the night of April 1, 1970, she gave them a description of the defendant. At trial on direct examination she pointed out the defendant as the man who attempted to rape her and gave a description of him as he appeared at the time of the commission of the offense. Her identification testimony was unshaken on cross-examination.

■■ The testimony of a single witness, if it is positive and the witness is credible, is sufficient to sustain a conviction, although that testimony may be contradicted by the testimony of the defendant and alibi witnesses. (*People v. Stringer* (1970), 129 Ill.App.2d 251, 264 N.E.2d 31.) The defendant argues that his alibi testimony was sufficient to create a reasonable doubt as to his guilt in the mind of the trier of fact. We disagree. In the instant case the trial judge, who was the trier of fact, did not have to believe the alibi testimony of the defendant and his wife in light of the positive identification testimony of the complaining witness, Dawn Brown, who had ample opportunity to observe the defendant. (*People v. Sanders* (1972), 5 Ill.App.3d 89.) The trial court's finding of guilty will not be disturbed on review unless the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. (*People v. Mays* (1971), 48 Ill.2d 164, 269 N.E.2d 281.) The evidence in the instant case does not warrant our setting aside the finding of the trial court.

■■ Defendant's second contention is that the sentence of six to 12 years is excessive, and he urges this court to reduce the sentence pursuant to our authority under Supreme Court Rule 615. (Ill. Rev. Stat. 1969, ch. 110A, par. 615(b).) This authority should only be invoked in those cases where the sentence imposed by the trial court, although within the limits prescribed by the legislature, is clearly disproportionate to the nature of the particular offense of which the defendant stands convicted. *People v. Fox* (1971), 48 Ill.2d 239, 269 N.E.2d 720.

Because the trial judge who heard the testimony and matters presented in aggravation and mitigation is ordinarily in a better position than a reviewing court to determine what punishment should be imposed, the power of this court to reduce sentences should be exercised with caution. *People v. Winfield* (1971), 272 N.E.2d 848.

In the instant case, the hearing in aggravation and mitigation revealed that in 1965 the defendant pled guilty to the crimes of burglary and rape, and was sentenced on each indictment to a term of two to 12 years in the penitentiary. He was paroled in 1968.

■■ The imposition of sentence is peculiarly within the discretion of the trial court, and unless abuse is shown, we will not find error in the trial court's determination. (*People v. Hanserd* (1970), 125 Ill.App.2d

465, 261 N.E.2d 317.) In the instant case, we find that the trial court did not abuse its discretion in imposing its sentence and that this is not a proper case for exercising our power to reduce the sentence.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.