THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES W. TAYLOR, Defendant-Appellant.

(No. 59267; 

First District (4th Division)—April 24, 1974.

James J. Doherty, Public Defender, of Chicago (Richard A. Kavitt and Robert Gevirtz, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was convicted of aggravated battery in a bench trial and was sentenced to a term of 3 to 10 years in the Illinois State Penitentiary.

The only issue presented on appeal is whether the sentence of 3 to 10 years for aggravated battery is excessive.

On the evening of February 25, 1971, the defendant, James W. Taylor, was playing cards in his apartment with two other individuals. The defendant's wife was asleep on the couch when, at the insistence of the

defendant, she was forced to join the card game. Several times during the course of the game the defendant and Mrs. Taylor engaged in arguments. Upon the conclusion of the card game about 2 A.M. on February 26, 1971, the defendant and his wife retired to the bedroom. Another argument commenced, during which the defendant ordered his wife to leave the house. Mrs. Taylor went into the apartment court yard only to be dragged back into the apartment by the defendant. The defendant then tore off his wife's dress and undergarments and started hitting her with a radiator pipe. The beating by the defendant resulted in severe lacerations about the right eye, left leg, and back of the head, a fractured jaw, fibula, tibia, and right rib, and severe swelling of the lips. The next morning Mrs. Taylor was found in her bed in her own excrement. The defendant filled a bath tub with hot water and placed his wife into the tub. After bathing the victim, defendant called the fire department ambulance. Mrs. Taylor was dead on arrival at Provident Hospital.

Dr. Edward Shalgos testified on behalf of the State that the victim died of traumatic shock induced by the beating, with an associated presence of morphine narcotism. Dr. Harold Wagner testified on behalf of the defendant that the death of Mrs. Taylor could have been caused by a combination of scalding, tuberculosis, morphine, and alcohol. In light of the conflicting medical testimony, the trial court found the defendant not guilty of murder but guilty of aggravated battery. During the trial the defendant advised the court he wished to plead guilty to the charge of aggravated battery. A sentence of 2 to 5 years was agreed to by the defendant and the trial judge. However, the defendant subsequently changed his mind and withdrew his plea. Defendant then renewed his desire to plead guilty to aggravated battery, but was informed by the court he would have to plead guilty to the entire indictment, which included the offense of murder. The defendant refused to plead guilty to the charge of murder. The trial court subsequently found the defendant guilty of aggravated battery and sentenced him to a term of 3 to 10 years in the Illinois State Penitentiary.

The defendant contends the sentence of 3 to 10 years for aggravated battery was excessive. In support of his contention the defendant cites the decision in *People v. Lillie*, (1967), 79 Ill.App.2d 174, wherein the court held the purposes sought to be achieved by imposition of sentence are adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. Defendant maintains his prior work record, honorable discharge from the armed forces, and lack of any prior felony convictions demonstrate his desire to be a productive member of

society and accordingly cause his sentence of 3 to 10 years to be excessive.

■■ We believe the sentence imposed by the trial court in the instant case was not excessive. Imposition of sentence is a matter of judicial discretion, and unless there is a showing in the record of substantial and justifiable reason for so doing, this court should not disturb the sentence of the trial court. (*People v. Lewton* (1972), 2 Ill.App.3d 882.) In light of the violent and vicious attack by the defendant in the instant case, we find the trial court did not abuse its discretion in imposing its sentence. *People v. Smith* (1972), 9 Ill.App.3d 195.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.