THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
L. C. KIRK, a/k/a L. C. Shines, Defendant-Appellant.

First District (5th Division)   No. 83—2521

Opinion filed March 14, 1986.

Steven Clark and Richard F. Faust, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Donna B. More, and William F. Dorner, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Following a jury trial, defendant, L. C. Kirk, a/k/a L. C. Shines, was convicted of the crime of aggravated battery and sentenced to a term of five years in the penitentiary. His term was to run consecutively to an unrelated two-year term for a conviction under indictment No. 82—12051 for theft.

The incident resulting in the conviction in this case occurred in the county jail on February 16, 1983. According to the trial testimony, Kirk, while an inmate in the jail, assaulted Robert Sawyer, a correctional officer, causing an eye injury.

Kirk's appeal is based on the following grounds: (1) a failure of the trial judge to comply with the sentencing requirements of the Illinois Uniform Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)); (2) prosecutorial misconduct during final argument; (3) the exclusion of black jurors, allegedly violating Kirk's State and Federal constitutional rights to due process of law; and (4) an alleged error in making Kirk's five-year sentence for aggravated battery to run consecutively to the two-year term imposed in indictment No. 82—12051 upon Kirk's conviction for theft.

This court must affirm defendant's conviction and sentence.

Kirk's assertion that the trial court failed to follow the provision of the Illinois Unified Code of Corrections is based on a charged failure of the trial judge to mention Kirk's eligibility for probation during the imposition of his sentence. The Unified Code of Correc-

tions provides in part at section 5—6—1(a) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)):

> "Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that
>
>> (1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or
>>
>> (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice."

Kirk contends that this section places a duty on a sentencing judge to state which exception he or she relied on in imposing a sentence other than probation or conditional discharge, citing *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541, and *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323.

The State contends that defendant waived the issue by failing to object at the sentencing hearing or by raising the issue in his post-trial motion. The State also asserts that the trial court complied with the requirements of section 5—6—1(a) by expressing a feeling of sympathy for defendant's plight and stating, "because your conduct is such that the protection of the public and further criminal conduct from you for the time being requires this sentence under section 584, so, this sentence will run consecutively to the sentence in No. 82—12051."

The holdings in *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541, and *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323, requires express compliance with the provision of the afore-cited Code in sentencing. However, they do not require any magical language. All that is required is substantial compliance. Substantial compliance may exist even if the court does not specifically state "imprisonment is necessary for the protection of the public," or that "probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (*People v. Cox* (1980), 82 Ill. 2d 268, 281, 412 N.E.2d 541, 548.) If the trial court record discloses a substantial compliance with the provisions of section 5—6—1(a), a reviewing court may alter the sentencing judge's disposition only upon a showing of an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Here, the record does expressly demonstrate that the trial

judge substantially followed the provisions of section 5—6—1(a) of the Illinois Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)).

The able trial judge expressed his sympathy to Kirk and his frustration and stated:

> "In this instance, the guard in question, as you pointed out, seemed to be a nice gentleman and the harm that was done to him was certainly wrong. I'm going to sentence you, accordingly, in the charge of aggravated battery in No. 83—2726 to five years in the Illinois Department of Corrections to be given credit for 245 days already served. *** [B]ecause your conduct is such that protection of the public and further criminal conduct from you for the time being, requires this sentence under section 584, so, this sentence will run consecutively to the sentence in No. 82—12051."

The defendant's argument with respect to noncompliance with the provision of section 5—6—1(a) is without substantive merit.

The defendant also argues that the assistant State's Attorneys' arguments on closing and rebuttal were so egregious as to justify a reversal. It is well-settled law in this State that a prosecutor has a great latitude in making his closing argument. (*People v. Oliger* (1975), 32 Ill. App. 3d 889, 336 N.E.2d 769.) Furthermore, reviewing courts are reluctant to set aside a verdict on the grounds of remarks made during closing argument and do so only when these remarks are clearly extreme, such as attacks on the defendant or his counsel which are inflammatory. *People v. Starr* (1976), 37 Ill. App. 3d 495, 346 N.E.2d 410.

■ Finally, prosecutorial remarks are grounds for reversal only when such remarks, considered in the light of all the evidence, constitute a material factor in a conviction or when the verdict would have been different had the language not been used. (*People v. Panczko* (1980), 86 Ill. App. 3d 409, 407 N.E.2d 988.) Based on this rather rigid standard, this court cannot find that the closing arguments of the assistant State's Attorneys were so prejudicial as to constitute a basis for reversal.

The aggravated assault case against defendant was quite strong. Three correctional officers testified that defendant refused a lawful order to return to his cell and to go on lockup status. Each testified that defendant spun out of the grip of one officer (Lieutenant Holley) who was attempting to guide defendant to his cell. Each testified that after defendant began moving toward his cell, he suddenly spun around and struck Sergeant Sawyer in the face. Sergeant Sawyer suf-

fered a depressed comminuted fracture of his entire cheekbone requiring surgical intervention. Sergeant Dangerfield had a cut hand and bruises. The defendant's version of the incident was different, *i.e.*, he only struck out in self-defense. Yet, his version is not supported by any of the witnesses called to testify, except for himself.

Additionally, it is noted that in his motion for a new trial, the defendant made only the conclusory allegations that the assistant State's Attorneys made prejudicial and inflammatory remarks in closing argument, and that these remarks were designed to arouse the jury, implying that whatever type of force used by the guards is justifiable force. The almost total lack of specificity of the alleged inflammatory remarks in the motion for a new trial precludes consideration on appeal. *People v. Turk* (1981), 101 Ill. App. 3d 522, 428 N.E.2d 510.

▮ Finally, on this point, although defendant asserts no specific remarks of the prosecutor as being prejudicial in his motion for a new trial, he raises 11 remarks on appeal. Of the 11 specific objections raised on appeal, the trial court sustained defendant's objections to each of them. This court rejects defendant's contention that the prosecutors' final arguments were so prejudicial as to compromise Kirk's fundamental right to a fair trial.

▮ Defendant also argues that the systematic use by the prosecution of its peremptory challenges to exclude black jurors denied Kirk his fundamental right to an impartial jury of his peers. In a supplemental brief, he cites the recent case of *McCray v. Abrams* (2d Cir. 1984), 750 F.2d 1113, as additional authority in support of this argument. The defendant may be correct regarding the need to reexamine Illinois law on the use of the peremptory challenges to exclude jurors on account of their race, creed or national origin.

However, our Illinois Supreme Court has, as recently as November 1984, in *People v. Gaines* (1984), 105 Ill. 2d 79, 473 N.E.2d 868, held by a majority opinion that a constitution question is raised on this issue only upon a showing of case-by-case use of the peremptory challenge for the purpose of excluding jurors solely because of their race, political or religious beliefs. The majority in the Gaines court stated on page 88, "Rather, a constitutional issue is raised only when the record demonstrates that blacks in a particular county or State have been consistently and systematically denied the opportunity to serve on juries." 105 Ill. 2d 79, 88, 473 N.E.2d 868.

▮ Lastly, Kirk argues that the trial judge abused his judicial power by sentencing him to a consecutive term. Defendant urges this court to utilize its power under Supreme Court Rule 615(b) (87 Ill. 2d

R. 615(b)) and modify his sentence so that the sentence will run concurrently to his two-year sentence for theft under No. 82—12051, on the basis that Sawyer's serious injury was the result of a single blow by Kirk as three officers attempted to push him through the corridor to his cell.

Supreme Court Rule 615(b)(4) does empower this court to reduce the punishment imposed by a trial court. However, this court has held that it has authority to reduce a sentence that is within the statutory limits only when it is clearly disproportionate to the nature of the particular offense of which a defendant stands convicted. (*People v. Smith* (1972), 9 Ill. App. 3d 195, 292 N.E.2d 128.) Striking a correctional officer when he is attempting to carry out his duties, thereby causing serious injuries, is a serious offense which the trial judge properly considered when he imposed the consecutive sentence. This final argument by defendant is rejected by this court.

Accordingly, the trial court's conviction and sentence based thereon is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.