THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH STEVENSON, Defendant-Appellant.

First District (1st Division) No. 1—87—3496

Opinion filed September 28, 1990.

Randolph N. Stone, Public Defender, of Chicago (Timothy J. Leeming and James H. Reddy, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, William D. Carroll, and Thomas J. Torcasso, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MANNING delivered the opinion of the court:

Defendant, Joseph Stevenson, was charged by indictment with attempted murder (Ill. Rev. Stat. 1985, ch. 38, par. 8—4), armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a)), aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4), and armed violence (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2). Following a jury trial, the defendant was convicted of all charges except attempted murder. He was sentenced to 18 years' imprisonment for armed robbery and an extended term of 10 years for the aggravated battery conviction to be served concurrently. On appeal, defendant contends that: (1) the trial court abused its discretion by allowing the State to introduce evidence of other crimes; (2) the defendant was denied a fair trial; and (3) the trial court abused its discretion in imposing an extended-term sentence. The evidence presented during the trial revealed the following.

On December 30, 1985, at approximately 9:30 p.m., Sabas Gutierrez was walking through his well-lit backyard towards his home in Melrose Park when he was suddenly hit on the head with a baseball bat by an individual who was about two to four feet in front of him and facing him. The assailant took Gutierrez's gym bag containing

athletic equipment and his wallet, containing personal identification papers and $225, and ran away. Later that evening, Mr. Gutierrez's neighbors recovered the wallet, its contents and a baseball bat near the scene of the crime. These items were subsequently lost by the police and, consequently, not introduced into evidence at defendant's trial. Mr. Gutierrez was hospitalized for nine days as a result of the sustained attack. In March of 1986, he was shown a photo array by the Melrose Park police department. Out of that array, he selected the photo of defendant, Joseph Stevenson, as his attacker. Several days later, in April of 1986, he attended a lineup and identified defendant, Joseph Stevenson, as his assailant. He later identified the defendant in open court at the trial.

Robert Phillips testified that on October 25, 1985, while walking home from work in the same general area where Gutierrez was attacked, he was accosted by an individual, whom he now knows as Joseph Stevenson. This individual passed him by and then put a hand on Phillips' shoulder, which caused him to turn around. Facing Phillips, the assailant then proceeded to strike Phillips over the head several times with a club or pipe while on a public sidewalk. Phillips estimates that he was struck 12 to 20 times but that when he began to yell the assailant ran. In March of 1986, Mr. Phillips also selected from a photo array the photograph of defendant, identified him at a lineup and made an in-court identification of defendant at trial. This attack occurred "around the corner of Main Street and 23rd in Melrose Park," which is in close proximity to the location where the attack on Mr. Gutierrez took place.

On March 20, 1986, in the evening, police officer Vito Scavo was assigned to a surveillance of the area wherein the aforementioned attacks took place. Officer Scavo, dressed in civilian clothes, proceeded down an alley after receiving information that a suspect had been spotted heading toward the alley. Officer Scavo saw the individual on several occasions but lost sight of him as many times. As the officer was walking through the alleyway, the suspect suddenly emerged from a gangway with a bat drawn in a menacing manner. Officer Scavo drew his revolver, identified himself as a police officer by displaying his badge and directed the suspect to drop the bat, which he did. As Officer Scavo began talking to the suspect, the suspect swung on the officer, striking him in the mouth, and then fled. The suspect was arrested by other officers of the Melrose Park police department approximately three blocks away. Officer Sansome retrieved the bat that was previously dropped by the suspect. This bat was subsequently introduced into evidence at defendant's trial. Officer Scavo

went to the scene of the arrest and identified defendant as the person who raised the bat at him in the alley and who struck him in the mouth. He also identified Stevenson in open court at defendant's trial.

The defendant presented an alibi defense through his father, Joseph Stevenson, Sr., and a 17-year-old brother, Thomas Stevenson, that on the 30th of December 1985, he was visiting his father's home, was intoxicated or "staggering drunk" and slept the entire night away on the living room couch.

■■ We initially address the defendant's contention that the trial court abused its discretion by allowing the State to introduce identification testimony of a criminal act (the attack on Phillips) that occurred two months prior to the present incident. Defendant argues that such evidence was irrelevant, prejudicial and was introduced solely to establish the defendant's propensity to commit the charged offense. We disagree with the defendant's argument. The admission of evidence of other crimes is within the discretion of the trial court, and its decision will not be reversed absent a clear abuse of that discretion. (*People v. Ward* (1984), 101 Ill. 2d 443, 456, 463 N.E.2d 696, 702; *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 490, 485 N.E.2d 1292.) Although evidence of prior acts may not be introduced to show a defendant's propensity to commit crime (*People v. Richardson* (1988), 123 Ill. 2d 322, 339, 528 N.E.2d 612; *People v. Bartall* (1983), 98 Ill. 2d 294, 309-10, 456 N.E.2d 59), it is well settled that evidence of other crimes is admissible if it has a tendency to prove *modus operandi*, design, intent, identification, motive or knowledge. *People v. Phillips* (1989), 127 Ill. 2d 499, 520, 538 N.E.2d 500; *Richardson*, 123 Ill. 2d at 339; *People v. Shum* (1987), 117 Ill. 2d 317, 352, 512 N.E.2d 1183.

■ Our supreme court has frequently held that evidence of other crimes is admissible if the evidence is relevant for any purpose other than to show the defendant's propensity to commit crime. (*Phillips*, 127 Ill. 2d at 520; *People v. Evans* (1988), 125 Ill. 2d 50, 82, 530 N.E.2d 1360; *Shum*, 117 Ill. 2d at 352.) It is also well established that evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the determination of the present action more probable than it would be without such evidence. *People v. Lucas* (1989), 132 Ill. 2d 399, 427, 548 N.E.2d 1003; *People v. Johnson* (1986), 114 Ill. 2d 170, 193, 499 N.E.2d 1355; *Kimbrough*, 138 Ill. App. 3d at 488.

■■ ■ In the present case, evidence of other crimes was relevant and admissible to establish the defendant's *modus operandi* and to establish the defendant's identity as the attacker of Gutierrez, notwith-

standing the fact that such evidence may be prejudicial to the defendant. (See *Lucas*, 132 Ill. 2d at 428.) Robert Phillips testified that on October 25, 1985, while walking home from work after midnight, he was beaten over the head with a club or pipe. He identified the defendant from a photo array, in a lineup and at the defendant's trial as the person who attacked him. Defendant argues that the Phillips attack did not have the requisite similarity to the incident involving Gutierrez to be properly admitted. Illinois courts have never suggested that other crimes must be identical to the crime charged before the evidence of other crimes is admissible. (*Richardson*, 123 Ill. 2d at 339; *People v. Taylor* (1984), 101 Ill. 2d 508, 521, 463 N.E.2d 705.) To the contrary, it has been recognized that " 'some dissimilarity will always exist between independent crimes.' " *Phillips*, 127 Ill. 2d at 521, quoting *Taylor*, 101 Ill. 2d at 521.

■ In the instant case there is sufficient similarity between the present crime involving Gutierrez and the previous criminal act involving Phillips. Both victims were males of a slight build and were struck on the head with a similar instrument, at night, in the same geographic area and within two months of each other. They were both hit with an over-the-head swing of a weapon while facing the assailant, both attacks were sudden and unexpected and were characterized by silence on the part of defendant.

Defendant has presented supplemental authority since oral argument, citing *People v. McMillan* (1970), 130 Ill. App. 2d 633, 264 N.E.2d 554. We find *McMillan* to be distinguishable from the case at bar. The other crimes evidence complained of in that case was that of a codefendant who allegedly had told an undercover agent of his glee in selling narcotics to "teeny boppers" and had made other incriminating statements regarding the sale of narcotics. The court there held that such evidence was in no way linked to McMillan though the statements admitted into evidence tended to establish the invidious inference that such a connection did exist. (*McMillan*, 130 Ill. App. 2d at 636.) Our supreme court found that the admission of that evidence deprived the defendant of his constitutional right to a fair trial and reversed and remanded the case for a new trial. The factual matrix in the instant case is very dissimilar to *McMillan* and was offered to and did prove defendant's identity and *modus operandi*. We therefore conclude that the trial court did not abuse its discretion in admitting the evidence of other crimes since such evidence was relevant to establish the defendant's identity and *modus operandi*.

■ ■ The defendant next contends that he was denied a fair trial where the prosecutor during closing arguments misrepresented the

evidence presented at trial and encouraged the jury to consider evidence of defendant's prior criminal act to establish the defendant's identification as Gutierrez's attacker. The defendant raises on appeal four remarks made by the prosecutor that he considered as improper. However, defendant failed to object to the alleged improper prosecutorial comments at trial, and he failed to include any specific improper prosecutor's remarks in his motion for a new trial. The general rule is that both a trial objection and a written post-trial motion are required to preserve alleged trial errors for review. (*Lucas*, 132 Ill. 2d at 430; *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) Moreover, a general allegation in a post-trial motion that the prosecutor's closing argument was improper without stating the specific erroneous statements precludes consideration of that issue for review. (*People v. Lann* (1990), 194 Ill. App. 3d 623, 628, 551 N.E.2d 276; *People v. Doe* (1988), 175 Ill. App. 3d 371, 377, 529 N.E.2d 980, 984, *appeal denied* (1989), 124 Ill. 2d 557; *People v. Kirk* (1986), 141 Ill. App. 3d 971, 975, 491 N.E.2d 78; *People v. Camp* (1984), 128 Ill. App. 3d 223, 232, 470 N.E.2d 540.) In the instant case, defendant made the general assertion in his post-trial motion that "[d]espite defendant's objections the assistant State's Attorney persisted in making prejudicial statements in his closing argument which were designed to prejudice the jury." Similar to the case at bar, we previously held that a post-trial motion asserting that a prosecutor's closing argument contained "prejudicial, inflammatory, and erroneous statements designed to arouse the passions and prejudice of the jury" did not preserve the issue for review since the specific statements complained of were not included in the post-trial motion. *Camp*, 128 Ill. App. 3d at 232; *People v. Thomas* (1983), 116 Ill. App. 3d 216, 220, 452 N.E.2d 77.

 Any error regarding the prosecutor's closing argument would normally be waived due to the defendant's failure to object to the alleged error at trial and his failure to set forth the specific prejudicial remarks of the prosecutor in his post-trial motion. The defendant sets forth in his reply brief, with no supporting authority, the contention that the State's improper comments deprived the defendant of his right to a fair trial, thereby constituting plain error. In order to consider the prosecutor's comments under our plain error rule (107 Ill. 2d R. 615(a)), the statements must be either " 'so inflammatory that defendant could not have received a fair trial or so flagrant as to threaten deterioration of the judicial process.' " (*Phillips*, 127 Ill. 2d at 524, quoting *People v. Albanese* (1984), 104 Ill. 2d 504, 518, 473 N.E.2d 1246; *Doe*, 175 Ill. App. 3d at 377; *People v. Hayes* (1988), 173 Ill. App. 3d 1043, 1049, 527 N.E.2d 1342.) However, improper re-

marks made by a prosecutor during closing argument generally do not constitute reversible error unless the remarks result in substantial prejudice to the accused. (*Lucas*, 132 Ill. 2d at 437; *People v. Caballero* (1989), 126 Ill. 2d 248, 273, 533 N.E.2d 1089; *Shum*, 117 Ill. 2d at 347.) Moreover, the prosecutor is allowed a great deal of latitude during closing arguments, and any statements made by the prosecutor during closing argument that are based upon facts in evidence are not beyond the bounds of proper argument. *Shum*, 117 Ill. 2d at 341.

The alleged improper statements were:

"Three attacks by Joseph Stevenson, three bats or three clubs. Phillips the 2300 block of Main, Sabas Gutierrez, 148 N. 22nd Avenue, Scavo, the alley about the one hundred plus north block between 21st and 22nd Avenue.

\* \* \*

We feel that the evidence overwhelmingly points in only one direction and that is that Joseph Stevenson was involved with all three crimes that occurred in these areas; involved with Sabas Gutierrez, Robert Phillips and the detective.

\* \* \*

Again, Mr. Phillips, Mr. Gutierrez both beaten, both unarmed, third party equation, Scavo attacked but not with the bat \* \* \* why?

\* \* \*

Positive identification, three people, three attacks; the same time of the month, approximately the same hour of the day."

The remarks of the prosecutor in the case at bar were based upon facts in evidence and were not so inflammatory that they denied the defendant a fair trial. Nor were the statements so flagrant as to threaten the judicial process. Additionally, the evidence was not so closely balanced that the remarks resulted in substantial prejudice to the accused. (See *People v. Jones* (1987), 161 Ill. App. 3d 688, 695, 515 N.E.2d 166; *Lucas*, 132 Ill. 2d at 437.) Moreover, the trial court specifically instructed the jury pursuant to Illinois Pattern Jury Instructions, Criminal, No. 3.14 (2d ed. 1981) that: "Evidence has been received that the defendant has been involved in an offense other than that charged in the indictment. This evidence has been received solely on the issue of defendant's identification, intent and design." We, therefore, conclude that the defendant received a fair trial, and the defendant's assertion of prosecutorial error will not be recognized as plain error.

The defendant finally argues that the trial court erroneously sentenced him to an extended term of 10 years for his aggravated

battery conviction since aggravated battery is a related, lesser-class offense to armed robbery. The State argues that the trial court properly sentenced the defendant to an extended term for his aggravated battery conviction since it was the only offense for which the defendant could receive an extended-term sentence. The statute pertaining to extended-term sentences provides in relevant part:

"A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a).)

The Illinois Supreme Court has concluded that "the plain language of section 5—8—2(a) requires that, when a defendant has been convicted of multiple offenses of differing classes, an extended-term sentence may only be·imposed for the conviction within the most serious class and only if that offense was accompanied by brutal or heinous behavior." (*People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569; *People v. Evans* (1981), 87 Ill. 2d 77, 87, 429 N.E.2d 520.) Moreover, it was the intent of the legislature to impose an extended-term sentence for only the most serious class offense for which an accused is convicted. *Jordan*, 103 Ill. 2d at 205.

In the present case, defendant was convicted of armed robbery, aggravated battery and armed violence. He was sentenced to 18 years' imprisonment for armed robbery plus three years mandatory supervision upon his release. He was also sentenced to an extended term of 10 years for the aggravated battery conviction to be served concurrently. Armed robbery is a Class X felony with a sentence of not less than six years and not more than 30 years; whereas, aggravated battery is a Class 3 felony with a sentence of not less than two years and not more than five years. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1.) Armed robbery is the most serious class offense. Accordingly, we hold that the trial court abused its discretion in imposing an extended-term sentence for defendant's aggravated battery conviction since that offense was not within the most serious class of offenses for which the defendant was convicted.

For the reasons stated, we affirm defendant's convictions and reverse the extended-term sentence imposed on the aggravated battery conviction and reduce it to a term of five years, the maximum sentence of imprisonment authorized by statute for a Class 3 felony. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1; see *Jordan*, 103 Ill. 2d at 215; *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 664, 537 N.E.2d

351; *People v. Christy* (1989), 188 Ill. App. 3d 330, 333-34, 544 N.E.2d 88; *People v. Franzen* (1989), 183 Ill. App. 3d 1051, 1058, 540 N.E.2d 548.

Affirmed in part; reversed in part.

BUCKLEY, P.J., and O'CONNOR, J., concur.