# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Poole*, 2012 IL App (4th) 101017

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY MAURICE POOLE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-1017 |
| Filed | July 17, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defense counsel's failure to move to sever a charge of unlawful possession of a firearm by a felon from charges of aggravated battery with a firearm and aggravated discharge of a firearm did not fall below an objective standard of reasonableness, but the trial court was directed to reduce the extended term imposed for the unlawful possession conviction, because that was not the most serious offense of which defendant was convicted. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 10-CF-417; the Hon. Scott Drazewski, Judge, presiding. |
| Judgment | Affirmed as modified; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and John M. McCarthy, all of State
Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino,
Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys
Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.

Justices Steigmann and Appleton concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Jerry Maurice Poole, was charged with three offenses: count I, aggravated battery with a firearm, a Class X felony (720 ILCS 5/12-4.2(a)(1), (b) (West 2008)); count II, aggravated discharge of a firearm, a Class 1 felony (720 ILCS 5/24-1.2(a)(2), (b) (West 2008)); and count III, unlawful possession of a firearm by a felon, a Class 2 Felony (720 ILCS 5/24-1.1(a), (b) (West 2008)). Following a September 2010 jury trial, defendant was convicted on counts I and III; and in November 2010, the trial court sentenced him to concurrent terms of 18 years and 14 years in prison. Defendant appeals, arguing (1) he was denied the effective assistance of counsel when his attorney did not move to sever the possession-of-a-firearm-by-a-felon charge and (2) the trial court improperly sentenced him to an extended term on that charge where it was not the highest class felony for which he was convicted. We affirm as modified and remand with directions.

¶ 2      **I. BACKGROUND**

¶ 3      Bloomington police officer Brice Stanfield testified that on May 4, 2010, at 3 p.m., he saw a fight taking place in the Pop's Grocery parking lot. As he was getting out of his car, an unmarked Camaro, he saw an individual raise a gun. As Stanfield went back to his car for cover, he heard a "pop" and saw the muzzle flash of a handgun. He made a call for backup and drove toward the "subject that [he] saw fire the handgun." He stopped about 20 feet away, got out of the car, and ordered the suspects to show him their hands. The two suspects took off on foot running south on Howard Street. Stanfield pursued the suspects between two houses on Monroe Street. A suspect Stanfield knew as Paris Jones came out from between the houses and Stanfield secured him. Stanfield told Officers Richard Beoletto and William Wright the shooter was still on the loose and pointed in the direction he last saw him running.

¶ 4      Officer Beoletto followed Stanfield's directions and eventually saw a suspect between

-2-

a garage and a house on Monroe Street. The person looked like he was trying to hide where a metal shed met the house. The suspect, defendant Jerry Poole, was placed into custody. Stanfield waited because he heard that the other officers had arrested someone and immediately identified defendant as the shooter. Stanfield testified he recognized defendant "by facial and by the clothing" he was wearing; "a black T-shirt, dark blue jeans, and black ball cap is what our suspect was wearing. I did also mention that he had a mustache."

¶ 5 A small firearm was found in the area, under a cement block. Clayton Arnold, a crime scene technician involved in collecting the evidence in this case, testified he decided not to fingerprint the gun because it was his understanding that Officer Stanfield had seen the shooter. Lawrence Johnson testified he had been involved in a confrontation with Paris Jones in the parking lot of Pop's Grocery. At some point, Johnson was shot in the back of his leg in the calf. The firearm found in the yard was tested with the cartridge and bullet from the shooting. The testing indicated that the bullet and shell casing were fired by the firearm found in the yard. Gunshot residue kits were collected from defendant and Paris Jones. Mary Wong, an Illinois State Police forensic scientist, testified that neither kit contained gunshot residue, but there were reasons why a person would not have gunshot residue on his hands even though he had fired a firearm. The parties stipulated that Dr. Brett Keller and Dr. Howard Mell examined Lawrence Johnson's calf wound and determined the bullet ricocheted off the ground prior to entering the calf. The stipulation states that "Dr. Mell opined that the small caliber handgun actually fired into the ground and the patient may have been struck by a ricochet. It is difficult to tell for certain."

¶ 6                                    II. ANALYSIS

¶ 7 Defendant argues that he was denied the effective assistance of counsel when his attorney did not move to sever the possession-of-a-firearm-by-a-felon charge, thereby allowing the jury to hear evidence on the other charges that he was a convicted felon. Defendant argues that evidence that he was a convicted felon greatly prejudiced him on the other charges. The State argues we should decline to consider the issue, citing *People v. Kunze*, 193 Ill. App. 3d 708, 725-26, 550 N.E.2d 284, 296 (1990) (claims of ineffective assistance of counsel are often better made in proceedings for postconviction relief, where a complete record can be made). Where the answer to whether counsel's decision was one of trial strategy is currently *dehors* the record, we will decline to consider it and instead will await defendant's pursuit of such a claim under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-8 (West 2008)). *People v. Pelo*, 404 Ill. App. 3d 839, 871, 942 N.E.2d 463, 490 (2010). However, we conclude we can resolve this case without consideration of any matters outside the record. See *People v. Weeks*, 393 Ill. App. 3d 1004, 1011-12, 914 N.E.2d 1175, 1182 (2009).

¶ 8 To determine whether defendant was denied his right to effective assistance of counsel, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner must show "counsel's representation fell below an objective standard of reasonableness" (*id.* at 688), and second, that he was prejudiced such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at 694). A defendant's failure to make the

requisite showing of either deficient performance or sufficient prejudice defeats his ineffectiveness claim. *People v. Palmer*, 162 Ill. 2d 465, 475, 643 N.E.2d 797, 801 (1994).

¶ 9                                    A. Counsel's Performance

¶ 10    To satisfy the first prong of the *Strickland* test, a defendant must show that his counsel's performance fell below an objective standard of reasonableness, as measured by prevailing norms. *People v. Smith*, 195 Ill. 2d 179, 188, 745 N.E.2d 1194, 1200 (2000); *People v. Wright*, 2012 IL App (1st) 073106, ¶ 105. In considering whether counsel's performance was deficient, a court must indulge a strong presumption that the challenged action, or inaction, was the result of sound trial strategy. *Smith*, 195 Ill. 2d at 188, 745 N.E.2d at 1200. Generally, a defense decision not to seek a severance, although it may prove unwise in hindsight, is regarded as a matter of trial strategy. *People v. Turner*, 36 Ill. App. 3d 77, 81, 343 N.E.2d 267, 270 (1976). A major disadvantage of a severance is that it gives the State two bites at the apple. An evidentiary deficiency in the first case can perhaps be cured in the second. "Perhaps trial counsel felt that it made sense to try for an acquittal of both counts in one proceeding, thinking that the impact of the additional conviction would not be significant." *People v. Gapski*, 283 Ill. App. 3d 937, 943, 670 N.E.2d 1116, 1120 (1996) (a case where one felony would have been admissible even if the two counts were severed). Defendant cites *People v. Edwards*, 63 Ill. 2d 134, 140, 345 N.E.2d 496, 499 (1976), where the Illinois Supreme Court held that an unlawful-use-of-weapons charge should have been severed from an armed-robbery charge; there was a strong probability that defendant would be prejudiced in his defense of the armed-robbery count since the weapons count required the State to prove a previous burglary conviction. In *Edwards*, however, the defendant had filed a motion for severance; the case was not an ineffective-assistance-of-counsel case. In this case, defendant has failed to show his counsel's performance fell below an objective standard of reasonableness. A potential trial strategy is apparent here, even if counsel should choose to deny it.

¶ 11    Because we have determined that defendant has not satisfied the first *Strickland* prong, we need not address the second prong, whether defendant was prejudiced by counsel's allegedly deficient performance.

¶ 12                                    B. Extended-Term Sentencing

¶ 13    Defendant was found guilty of the Class X offense of aggravated battery with a firearm and the Class 2 offense of unlawful possession of a firearm by a felon. The trial court sentenced him to 18 years' imprisonment on the Class X offense and a concurrent extended term of 14 years' imprisonment on the Class 2 felony. Defendant argues that under the extended-term sentencing statute (730 ILCS 5/5-8-2(a) (West 2010)), an extended-term sentence may be imposed only for the most serious class of offense committed during a single course of conduct. The extended-term sentencing statute provides:

   "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by *** Article 4.5 of Chapter V for an offense or offenses within *the class of the most serious offense of which the offender was convicted* unless

the factors in aggravation set forth in Section 5-5-3.2 or clause (a)(1)(b) of Section 5-8-1 were found to be present." (Emphasis added.) 730 ILCS 5/5-8-2(a) (West 2010).

The supreme court has interpreted section 5-8-2(a) to mean that a defendant who is convicted of multiple offenses may be sentenced to an extended-term sentence only on those offenses that are within the most serious class. *People v. Bell*, 196 Ill. 2d 343, 350, 751 N.E.2d 1143, 1146 (2001). The fact that an offense is the only one for which the defendant could receive an extended-term sentence does not allow an extended-term sentence on that offense where it is not the most serious offense. See *People v. Stevenson*, 204 Ill. App. 3d 342, 350, 562 N.E.2d 330, 335-36 (1990).

¶ 14      The State does not contest that defendant was improperly sentenced to an extended-term sentence on the unlawful-possession-of-a-firearm charge, given the supreme court's holding in *Bell*. Although defendant did not file a posttrial motion, a sentence that is not authorized by statute is void, and a void judgment is not subject to forfeiture. *People v. Thompson*, 209 Ill. 2d 19, 26, 805 N.E.2d 1200, 1204 (2004). We accept the State's concession.

¶ 15                              III. CONCLUSION

¶ 16      We affirm the trial court's judgment, but we remand with directions that the trial court reduce defendant's sentence for unlawful possession of a firearm by a felon from 14 years to the Class 2 maximum nonextended term of 7 years. As the State successfully defended a portion of the judgment, we award it its $50 statutory assessment against defendant as costs of this appeal.

¶ 17      Affirmed as modified; cause remanded with directions.