NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190286-U

NO. 4-19-0286

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 9, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| STEPHEN L. BROWN, | ) | No. 18CF176 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, finding that although trial counsel erred by failing to offer to stipulate to defendant's felon status as an element of the offense charged and failing to submit the relevant limiting instruction, based on the evidence, we cannot say counsel's errors rendered the result of the trial unreliable or the proceeding fundamentally unfair.

¶ 2     In November 2018, defendant Stephen L. Brown was indicted on one count of unlawful possession of a weapon by a felon, a Class 2 felony based on a previous conviction for the Class 2 delivery of a controlled substance (720 ILCS 5/24-1.1(a) (West 2018)). Defendant proceeded to a jury trial with retained counsel in March 2019 and was convicted. No posttrial motion was filed. In May 2019, defendant was sentenced to 11 years in the Illinois Department of Corrections, with a mandatory supervised release term of 2 years. No motion for reconsideration of the sentence was filed. Defendant appeals.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was arrested on November 8, 2018, as the result of a search warrant executed that day on a residence he shared with his then-girlfriend, Michelle Potts. Potts had contacted her sister, Samantha Regenold, asking to be taken to the hospital. While there, Potts told Regenold about finding a handgun between the mattress and box springs of the bed she shared with defendant, a known felon, and Regenold informed the police. Based on that information and a key to the room they obtained indirectly from Potts, officers executed a search warrant, recovering a Taurus 9-millimeter semi-automatic handgun with a loaded magazine from the location described. Defendant was arrested and charged with unlawful possession of a weapon by a felon—subsequent offense (720 ILCS 5/24-1.1(a), (e) (West 2018)), a Class 2 nonprobationable felony punishable by 3 to 14 years in the Illinois Department of Corrections.

¶ 5        Originally represented by an assistant public defender, defendant was represented at trial by privately retained counsel. Other than a motion to withdraw, which was later withdrawn prior to trial, no pretrial motions were filed on behalf of defendant. At the two-day jury trial, the State presented testimony from the officers executing the search warrant; chain-of-custody witnesses for the handgun; a forensic scientist, who found no prints suitable for comparison on the handgun seized; Michelle Potts and Samantha Regenold, who testified to the circumstances leading up to informing the police about the presence of the handgun; and Officer Derric Porch, the arresting officer who also took defendant's statement. Officer Porch said defendant initially denied knowing the handgun was under his mattress, later saying he knew it was there, but that it was not his. Although defendant initially said he did not touch the handgun, Officer Porch testified that upon being told it was to be sent to the crime lab, defendant then acknowledged he might have touched it. During cross-examination, Officer Porch acknowledged defendant said Potts brought the gun to the residence, and he believed she was "holding" it for some other man she had been

seeing secretly.

¶ 6        Defendant elected not to testify, and during the jury instruction conference, the trial court raised the question *sua sponte* concerning whether to include Illinois Pattern Jury Instructions, Criminal, No. 3.13X (approved Oct. 17, 2014) (hereinafter IPI Criminal No. 3.13X), a limiting instruction on the use of defendant's previous conviction, since it had not been tendered by either the State or defense. IPI Criminal No. 3.13X reads as follows:

> "Ordinarily, evidence of a defendant's prior conviction of an offense may [be considered by you only as it may affect his believability as a witness and must] not be considered by you as evidence of his guilt of the offense with which he is charged. However, in this case, because the State must prove beyond a reasonable doubt the proposition that the defendant has previously been convicted of _____, you may [also] consider evidence of defendant's prior conviction of the offense of _____ [only] for the purpose of determining whether the State has proved that proposition."

¶ 7        According to the committee comments, the bracketed material in the first paragraph would not have been given since defendant did not testify. Further, it was to be given only at defendant's request and was to be given "*only* when an element of the charged offense is that the defendant has been previously convicted of committing a prior offense." (Emphasis in original.) IPI Criminal No. 3.13X, Committee Comments (eff. Oct. 17, 2014).

¶ 8        The trial court ultimately indicated it would submit the instruction as a court's instruction, and when defense counsel was asked if he wished to have the instruction read, he

responded, "Judge, I'm going to concede in closing the proposition is met. So we're going to ask that it not be given."

¶ 9        As a result, the trial court declined to read its own instruction. After hearing closing arguments and the court's instructions on the law, the jury deliberated for 35 minutes before returning a verdict of guilty. A presentence investigation and report were ordered. No posttrial motion was filed. When the matter proceeded to sentencing in May 2019, the State presented a certified copy of defendant's previous conviction for unlawful delivery of a controlled substance, showing it to be a Class 2 felony. Defendant presented two letters on his behalf and made a statement in allocution, again claiming his innocence. Noting defendant faced a mandatory penitentiary sentence, the trial court sentenced him to 11 years in the Illinois Department of Corrections, with 2 years of mandatory supervised release. No motion for reconsideration of sentence was filed. Defendant appeals.

¶ 10                              II. ANALYSIS

¶ 11       On appeal, defendant claims he was denied the effective assistance of counsel when trial counsel failed to stipulate to his status as a felon for purposes of establishing one element of the offense charged. Although not identified as a separate issue, defendant also claims counsel was ineffective by refusing to permit the trial court to read the limiting instruction, IPI Criminal No. 3.13X, to the jury, informing them of the limited purpose for admission of his previous conviction. Instead, defendant contends both the State and his own counsel made several references to his previous conviction for unlawful delivery of a controlled substance, with his attorney going so far as to comment during his closing argument that "[w]e know in 2001 he was slinging [*sic*] drugs." (We wonder whether perhaps this is an error in transcription and should read "selling.")

¶ 12       The Illinois and United States constitutions guarantee criminal defendants the right

to counsel, and the latter mandates, " 'the right to counsel is the right to the effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)); U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. When presented with a defendant's ineffective assistance of counsel claim, we apply the well-established, two-part *Strickland* test. The defendant must prove: (1) counsel rendered deficient performance, meaning counsel's representation fell below an objective standard of reasonableness as gauged by prevailing professional norms and (2) counsel's deficient performance prejudiced the defendant, *i.e.*, but for counsel's errors the result of the proceeding would have been different. See *People v. Young*, 341 Ill. App. 3d 379, 383, 792 N.E.2d 468, 472 (2003) (citing *Strickland*, 466 U.S. at 687, 694); *People v. Peck*, 2017 IL App (4th) 160410, ¶ 26, 79 N.E.3d 232. "A defendant must satisfy both prongs of the *Strickland* standard to prevail on an ineffective assistance of counsel claim." *People v. Moore*, 2020 IL 124538, ¶ 29, 161 N.E.3d 125 (citing *People v. Peterson*, 2017 IL 120331, ¶ 79, 106 N.E.3d 944). Our review of trial counsel's decisions regarding trial strategy should be "highly deferential" lest we engage in second-guessing counsel's decisions "through the lens of hindsight." *People v. Perry*, 224 Ill. 2d 312, 344, 864 N.E.2d 196, 216 (2007). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' [Citation.]" *People v. Manning*, 241 Ill. 2d 319, 334, 948 N.E.2d 542, 551 (2011) (quoting *Strickland*, 466 U.S. at 689). When asked to review an ineffective assistance of counsel claim not previously raised in the trial court, our review is *de novo. People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 85, 126 N.E.3d 703.

¶ 13 To establish deficient performance, "a defendant must show that his counsel's

performance fell below an objective standard of reasonableness, as measured by prevailing [professional] norms." *People v. Poole*, 2012 IL App (4th) 101017, ¶ 10, 972 N.E.2d 340. An attorney renders objectively unreasonable performance when he or she commits "errors so serious" that the attorney essentially stops functioning as the "counsel" or "advocate" guaranteed to the defendant by the United States and Illinois constitutions. *People v. Taylor*, 2018 IL App (4th) 140060-B, ¶ 25, 102 N.E.3d 799. The defendant must show that counsel's deficient performance "rendered the result of the trial unreliable or the proceeding fundamentally unfair." *People v. Richardson*, 189 Ill. 2d 401, 411, 727 N.E.2d 362, 369 (2000). We are to consider the totality of the evidence before the trier of fact when weighing the impact of counsel's errors. *Strickland*, 466 U.S. at 695-96.

¶ 14　　　　The deficiency claimed here is based on counsel's failure to stipulate to defendant's felon status and thereafter failing to submit the appropriate limiting instruction to the jury. "[W]hen proving felon status is the only purpose for admitting evidence of a defendant's prior convictions, and the defendant offers to stipulate or admit to his prior felon status, a trial court abuses its discretion when it admits the defendant's record of conviction, thus informing the jury of the name and nature of the defendant's prior convictions." *People v. Walker*, 211 Ill. 2d 317, 338, 812 N.E.2d 339, 351 (2004). More recently, in *Moore*, 2020 IL 124538, ¶ 41, our supreme court found where defense counsel, instead of offering to stipulate, acquiesced in the misapprehension by both the prosecutor and trial court that the nature of a defendant's prior felony convictions were required to be disclosed, "counsel's performance was 'objectively unreasonable under prevailing professional norms.' "

¶ 15　　　　We find the State's effort to distinguish *Moore* to be unpersuasive. Noting the prior conviction in *Moore* was for murder and there was no offer of stipulation, the State seeks solace

in the fact defendant's counsel here stipulated to his conviction for delivery of a controlled substance. The point of *Moore* was not so much the nature of the underlying offense, but that "if defense counsel had offered to stipulate to defendant's prior conviction, the trial court would have been obligated to accept the stipulation." *Moore*, 2020 IL 124538, ¶ 40. It is true, the fact that the prior conviction in *Moore* was for murder added to the prejudice; however, the court had already favorably noted that "in cases requiring proof of felon status, disclosing the nature of a defendant's prior conviction created a risk of unfair prejudice." *Moore*, 2020 IL 124538, ¶ 38. This was the principle set forth by the United States Supreme Court in *Old Chief v. United States*, 519 U.S. 172 (1997). What defendant's counsel did here was a hybrid; he offered to stipulate, but for some reason, the offer was to stipulate to the specific offense when, had he instead stipulated to defendant's felon status, there would have been no mention of the prior conviction for delivery of a controlled substance by either the State or defense.

¶ 16 Like in *Moore*, counsel here appeared to be operating under a misapprehension of the law. During the pretrial discussion regarding the stipulation, the prosecutor stated the following:

> "Then, Judge, we do have a stipulation as far as there will be a
> stipulation as to that offense. I have prepared a written stipulation,
> and we will present that during the course of the evidence
> obviously. But the parties agree that the Class 2 felony aspect of
> the prior conviction would not—that would be more of a
> sentencing issue, not—but that specific offense as far as
> manufacture and delivery of a controlled substance *has to be*
> *shown*." (Emphasis added.)

Defense counsel then agreed with the State's suggested method of addressing the prior conviction, seemingly believing removal of its status as a Class 2 felony was all that was necessary, and the trial court made no further inquiry in that regard. The State led off its opening statement by informing the jury almost immediately defendant was "a convicted felon for delivering a controlled substance out of McLean County." Defendant acknowledged the prior felony conviction in his opening as well, although not by name. The State's first item of evidence was the stipulation read to the jury: "The defendant Steven L. Brown with a date of birth of June 2nd, 1975, was convicted of the felony of delivery of a controlled substance in McLean County case number 2001-CF-829 on the date of November 21st, 2001." Of course, this was not the first time the jury had been so informed—the trial court read the nature of the conviction when informing it of the statement of the case prior to *voir dire*. The State elicited testimony about defendant's status as a felon from his former girlfriend, Michelle Potts, as well as from Officer Derric Porch, who searched the residence and retrieved the firearm in this case. Two instructions were read to the jury, without objection, which included a reference to "the offense of manufacturing or delivering a controlled substance" (see Illinois Pattern Jury Instructions, Criminal, No. 18.07 (approved December 8, 2011), and Illinois Pattern Jury Instructions, Criminal, No. 18.08 (approved December 8, 2011)), and when the court prepared IPI Criminal No. 3.13X to provide some instruction to the jury concerning the limited way it was to consider defendant's prior conviction, it was refused by defendant's counsel. Lastly, the specific nature of defendant's conviction was repeated to the jury in closing arguments, with defendant's counsel commenting about how "[w]e know in 2001 he was slinging [*sic*] drugs." Had defense counsel simply offered to stipulate to defendant's status as a felon, this needless, and in some instances gratuitous, repetition would not have occurred. Even better, although not obligated to do so, the

- 8 -

court and the parties could have considered following the procedure set forth in section 5/111-3(c) of the Code of Criminal Procedure of 1963:

> "(c) When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." 725 ILCS 5/111-3(c) (West 2018).

As a result, there would have been no reason to inform the jury of defendant's prior felony status at all. The only question for the jurors was whether defendant was in possession of the firearm. They could have simply been instructed defendant was not lawfully permitted to possess a firearm and if found to have possessed the firearm in question, he should be found guilty. This section, authored by our colleague Justice Steigmann, prevents situations like the one before us, places no greater burden on the State, and serves to make criminal trials more fair.

¶ 17 We can find no legitimate purpose for counsel's failure to at least stipulate to defendant's status as a felon and even considering the highly deferential standard by which we are to review matters of trial strategy, we conclude "counsel's performance fell below an objective standard of reasonableness, as measured by prevailing [professional] norms." *Poole*, 2012 IL App (4th) 101017, ¶ 10.

¶ 18 Having found deficient performance in counsel's failure to simply stipulate to defendant's felon status, we turn to counsel's rejection of the trial court's proposed instruction, which was intended to inform jurors of the limited use to which they could put defendant's prior

felony during deliberations. Evidence of defendant's previous conviction constituted other-crimes evidence and carried with it a "risk of unfair prejudice". *Moore*, 2020 IL 124538, ¶ 38 (citing *Walker*, 211 Ill. 2d at 337-338). Moreover, unlike *Moore*, where a limiting instruction was given, here it was offered by the court and refused by defendant's counsel. Absent a limiting instruction for guidance, the jury was free to consider the evidence of defendant's previous conviction "in any manner that it saw fit, including as evidence of propensity." *People v. Gregory*, 2016 IL App (2d) 140294, ¶ 30, 51 N.E.3d 1114. Admission of defendant's prior conviction in this manner constituted the erroneous admission of other-crimes evidence, which not only carried a high risk of prejudice but "will ordinarily require reversal if the erroneously admitted evidence was 'so prejudicial as to deny the defendant a fair trial; that is, the erroneously admitted evidence must have been a material factor in the defendant's conviction such that without the evidence the verdict likely would have been different.' " *People v. Smith*, 2019 IL App (4th) 160641, ¶ 58, 141 N.E.3d 688 (quoting *People v. Watkins*, 2015 IL App (3d) 120882, ¶ 45, 25 N.E.3d 1189). Since defendant elected not to testify, had counsel properly stipulated to defendant's felon status, IPI Criminal No. 3.13X could have read, as modified:

> "Ordinarily, evidence of a defendant's prior conviction of an offense may not be considered by you as evidence of his guilt of the offense with which he is charged.
>
> However, in this case, because the State must prove beyond a reasonable doubt the proposition that the defendant has previously been convicted of *a felony*, you may consider evidence of defendant's prior conviction of *a felony* for the purpose of determining whether the State has proved that proposition."
> (Emphases added.)

¶ 19 Again, we can find no legitimate trial strategy in refusing the only instruction designed to provide jurors with guidance on the limited purpose for which they were to consider defendant's prior conviction and find counsel's performance to be deficient here as well.

¶ 20 Proceeding to the prejudice prong of *Strickland*, we must determine whether, but for counsel's deficient performance, "there is a reasonable probability that the result of the proceeding would have been different." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 84. "A 'reasonable probability' is a probability which undermines confidence in the outcome of the trial." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 84.

¶ 21 Since we are left to consider the evidence at trial, as in *Moore*, we see the evidence here as "closely balanced" and a credibility contest between defendant and Potts. Like *Moore*, there was no forensic evidence connecting defendant to the gun, and the jury had only to decide whether defendant knowingly possessed the handgun found under the mattress of the bedroom he shared with Potts. Potts testified she told her sister about finding the gun under the mattress some time before, while defendant said he believed she was "holding" the gun for someone else she had been seeing. Both acknowledged knowing it was there. The jury was instructed on actual and constructive possession as it is defined in Illinois Pattern Jury Instructions, Criminal, No. 4.16 (approved December 8, 2011) (hereinafter IPI Criminal No. 4.16):

"[1] Possession may be actual or constructive. A person has actual possession when he has immediate and exclusive control over a thing. A person has constructive possession when he lacks actual possession of a thing but he has both the power and the intention to exercise control over a thing [either directly or through another person].

[2] If two or more persons share the immediate and exclusive control or share the intention and the power to exercise control over a thing, then each person has possession."

¶ 22 As a result, the jury was informed it was possible for both Potts and defendant to have possession of the handgun. The State references the "strength of defendant's voluntary written statement"; however, in that statement, defendant said the gun found under the mattress did not belong to him and that Potts had shown him a gun previously, which he suspected she was "holding" for someone from Bloomington she was "secretly seeing." His statement does not acknowledge any aspect of actual or constructive possession as defined in IPI Criminal No. 4.16. This would enhance the focus on the issue of credibility. Can we say with confidence, however, but for counsel's deficiencies there is a "reasonable probability that the result of the proceeding would have been different" (*Sturgeon*, 2019 IL App (4th) 170035, ¶ 84) or that "the erroneously admitted evidence" was a " 'material factor in the defendant's conviction such that without the evidence the verdict likely would have been different' " (*Smith*, 2019 IL App (4th) 160641, ¶ 58)? The answer is no. There was sufficient evidence before this jury that the gun was found under the mattress defendant shared with Potts. Having originally denied knowledge of its presence, he later admitted he knew she had it, but he believed she was holding it for someone else. Potts said it was defendant's gun, but she also had credibility issues, including records which revealed an order on her Amazon account for the gun's holster. Defendant claimed this to be evidence it was hers, or in her possession, while Potts contended defendant had complete access to her account and credit card. Considering the totality of the evidence, in conjunction with the instruction on actual and constructive possession, which included the possibility for the jury to conclude Potts and defendant possessed the gun jointly, we cannot say counsel's errors "rendered the result of the trial unreliable

or the proceeding fundamentally unfair." *Richardson*, 189 Ill. 2d at 411.

¶ 23                                  III. CONCLUSION

¶ 24          "A defendant must satisfy both prongs of the *Strickland* standard to prevail on an ineffective assistance of counsel claim." *Moore*, 2020 IL 124538, ¶ 29. We find defendant has failed to establish prejudice, and therefore, we affirm the judgment and sentence of the trial court.

¶ 25          Affirmed.